UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND

CIVIL ACTION NO. 24-42-DLB

JONATHAN MARTINEZ[1]　　　　　　　　　　　　　　　　　　　　　PETITIONER

VS.　　　　　　　　　　　MEMORANDUM ORDER

WARDEN FCI ASHLAND　　　　　　　　　　　　　　　　　　　　　RESPONDENT

*** *** *** ***

Jonathan Martinez is an inmate at the Federal Correctional Institution in Ashland, Kentucky. Proceeding without a lawyer, Martinez filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.[2] (Doc. # 1). That Petition is exceedingly difficult to follow. However, liberally construed, Martinez is putting forth several arguments in an attempt to call into question his underlying federal convictions and corresponding prison sentence. *See id.; see also United States v. Jonathan Martinez*, No. 7:23-cr-00008-KKC-EBA-1 (E.D. Ky. 2023) (which is cited in Martinez's present petition).

The Court has now conducted an initial screening of Martinez's Petition pursuant to 28 U.S.C. § 2243 and will dismiss it for lack of subject-matter jurisdiction. That is

---

[1] Federal inmate Keith Dougherty is also named in the caption of the Petition (Doc. # 1 at 1), and he signed the submission (*id.* at 8). However, the filing indicates that Dougherty was simply "assisting" Martinez in preparing his Petition. (*Id.* at 1). In other words, it does not appear that Doughtery is seeking his own relief from this Court. Therefore, the Court does not consider Dougherty to be a Petitioner in this case.

[2] While the Petition includes the language "Filed Under Seal" (Doc. # 1 at 1), it is not accompanied by a motion for leave to seal or a clear justification for sealing the document; thus, the Petition remains publicly available.

1

because Martinez's arguments constitute an impermissible collateral attack on his convictions and sentence.  While a federal prisoner may certainly challenge the legality of his convictions and sentence on direct appeal and in a 28 U.S.C. § 2255 motion, he generally may not do so in a § 2241 petition.  The United States Supreme Court has confirmed this point, *see Jones v. Hendrix*, 599 U.S. 465 (2023), and Martinez has not identified any circumstance or legal authority that would allow him to proceed with his claims here via a § 2241 petition.  Therefore, the Court will dismiss Martinez's petition for lack of subject-matter jurisdiction.  *See Jones*, 599 U.S. at 492 (affirming the dismissal of the relevant § 2241 petition for lack of subject-matter jurisdiction).

Accordingly, it is **ORDERED** as follows:

(1)     Martinez's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. # 1) is **DISMISSED** for lack of subject-matter jurisdiction;

(2)     This action is **STRICKEN** from the Court's docket; and

(3)     The Court will enter a corresponding **Judgment**.

This 18th day of October, 2024.



Signed By:
David L. Bunning
United States District Judge

G:\Judge-DLB\DATA\ORDERS\PSO Orders\Martinez 0-24-042 Memorandum.docx